UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

      MADJID EBADI

          Debtor,
-------------------------------------------------------X

Firm # 20-8104897

CHAPTER 13
CASE NO. 10−73702−ast

## NOTICE OF MOTION

PLEASE TAKE NOTICE that a motion has been made by ROY J. LESTER, attorney for the above-captioned debtor, the date, time and relief sought set forth below.

| | |
|---|---|
| RETURN DATE: AND TIME: | October 5, 2010 9:30 in the forenoon |
| JUDGE: | HON. ALAN S. TRUST |
| COURTROOM: | 560 Federal Plaza, Rm 960 Central Islip, NY 11722 |
| RELIEF SOUGHT: | Motion for an order reopening case, vacating foreclosure sale and awarding damages for violation of automatic stay. |

PLEASE TAKE FURTHER NOTICE that answering papers, if any, must be filed with the Clerk of the United States Bankruptcy Court and must be served upon Lester & Associates, P.C. as attorney for the debtor at least 7 (seven) days prior to the return date of this motion.

Dated:  Garden City, New York
       September 8, 2010

LESTER & ASSOCIATES P.C.

s/ Roy J. Lester

_____
By:  Roy J. Lester, Esq.
Attorneys for Debtor
600 Old Country Road, Suite 229
Garden City, New York  11530
(516) 357-9191

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Firm # 20-8104897

-------------------------------------------------------X

CHAPTER 13
CASE NO. 10-73702-ast

In Re:


MADJID EBADI

             Debtor,

-------------------------------------------------------X   .


**AFFIRMATION IN SUPPORT
OF MOTION FOR AN ORDER REOPENING CASE,
VACATING FORECLOSURE SALE AND HOLDING CREDITOR
IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY**

TO THE HONORABLE ALAN S. TRUST, BANKRUPTCY JUDGE:

Roy J. Lester, an attorney duly admitted to practice before this court affirms the

following under the penalty of perjury:

1.      That I am an attorney for the debtor Madjid Ebadi ("Debtor") and in that capacity

I am fully familiar with the facts and circumstances surrounding this case.

2.      I make this motion for an order: (a) reopening this bankruptcy case to accord

relief to the Debtor pursuant to 11 U.S.C. 350(b); (b) vacating the foreclosure sale of real

property held in violation of the automatic pursuant to 11 U.S.C. 362(a); and (c) awarding actual

and punitive damages against Lings Properties, LLC ("LP") pursuant to 11 U.S.C. 362(k)(1).

3.      Debtor filed a voluntary bankruptcy petition for relief under Chapter 13 of the

Bankruptcy Code on May 14, 2010 (the "Bankruptcy Filing").

4.      At the time of the Bankruptcy Filing, Debtor was a defendant in a foreclosure

action commenced by LP in Supreme Court, Suffolk County on March 4, 2008 under Index No.

4830/08 entitled Lings Properties, LLC v. CBC Media Realty, LLC, Concepts by Clinton, Inc.,

The Web Station, Inc., Madjid Ebadi, et. al. (the "State Court Action").

5.      While CBC Media Realty ("CBC") owned the subject premises located at 140 Hoffman Lane, Islandia, New York, Debtor owned CBC and Debtor was named defendant and sued as guarantor on the mortgage debt that was the subject of the State Court Action.

6.      In this respect, the Complaint in the State Court Action, which contained causes of action against *"all defendants"*, stated in paragraph 33 that *"[a]s and for security for the Loan Documents and the obligations due thereunder, on September 26, 2001, defendant, Madjid Ebadi executed and delivered to Plaintiff a Guaranty... wherein and whereby Ebadi unconditionally guaranteed the payment to Plaintiff of all amounts under the Loan Documents"* (see Exhibit "A").

7.      In addition, the Complaint stated in paragraph 49 that *"[u]pon information and belief, each of the above named defendants have or claim to have or may claim to have some interest in or lien upon the Mortgaged Premises or some part thereof, which interest or lien, if any, is subject and subordinate to Plaintiff's Mortgage being foreclosed herein encumbering the Mortgaged Premises"* (see Exhibit "A").

8.      Moreover, the Complaint in paragraph 67 demanded judgment against CBC and the Guarantors (including Debtor) *"for all costs and expenses, including, but not limited to reasonable attorneys fees..."*.

9.      Furthermore, among other things, the Complaint prayed for judgment against the defendant , adjudging *"[t]hat each of the defendants named herein ... be barred and forever foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the Mortgaged Property, 140 Hoffman Lane, Hauppauge, New York, and in and to any fixtures and articles of personalty therein or thereon or used in connection therewith"* (see Complaint, at p.

12; paragraph B); it also prayed for *"judgment against defendants CBC, Web Station, CBC Media **and Ebadi** for any deficiency which may then remain after application of all proceeds of sale to the payment of the Total Debt"* (emphasis added) (Complaint, at p. 14, paragraph G).

10.     The Complaint attached a copy of the alleged Debtor's Guaranty (See Exhibit "B").

11.     On or about March 29, 2010, a Judgment of Foreclosure and Sale was entered in the State Court Action. (See Exhibit "C"). Thereafter, a Notice of Sale was signed, advising of the public auction of the premises for May 14, 2010 at 11:00 a.m.

12.     Debtor filed his Chapter 13 petition on May 14, 2010 at 9:25 a.m. (see Exhibit "D").

13.     Upon filing the petition, this office communicated the bankruptcy filing to LP's attorneys and the appointed referee.

14.     A facsimile was sent to Morrit, Hock Hamroff & Horowitz LLP, attorneys for LP (facsimile number 516-873-2010), at approximately 9:30 a.m. that day, attaching proof of filing of Debtor's petition and asking them to "stop the foreclosure sale scheduled for TODAY at 11:00 a.m." (See Exhibit "E"). Receipt of this facsimile was confirmed at 516-873-2010 by an individual under the name of Toni, who indicated that he would give it to the attorney after being noted that the sale was scheduled for 11:00 a.m. that day.

15.     In addition, at approximately 9:35 a.m., this office contacted the office of Referee Robert Cava, Esq., at 631-669-8849 and advised an individual under the name of Doris of the Debtor's bankruptcy filing. At approximately 9:40 a.m., a facsimile was also sent to the Referee's office advising same at 631-669-8577 without cover sheet which Doris said was not necessary. (See Exhibit "F").

4

16.    Notwithstanding being on notice of the Debtor's bankruptcy filing, LP and the Referee proceeded with the foreclosure sale at 11:00 a.m., in clear violation of the automatic stay.

17.    Subsequent efforts by Debtor to vacate or undo the irregular foreclosure sale were unsuccessful. On May 17, 2010, the undersigned spoke with David H. Cohen, Esq. of Moritt Hock Hamroff & Horowitz, LLP to request the sale be vacated. Mr. Cohen advised that it was their position that no stay was in effect. When requested for authority buttressing that position, Mr. Cohen advised he would be forwarding same to our office. However, no authority was provided.

18.    Thus, on May 25, 2010, the undersigned sent a letter to Mr. Cohen advising that our office had not received any such case law from him and that the undersigned's research had clearly indicated that the stay was effective. (See Exhibit "G"). Further communication led your affiant to believe the sale was voided.

19.    On or about June 29, 2010, Debtor's Chapter 13 case was dismissed and on or about July 14, 2010 the case was closed.

20.    On August 24, 2010, after receiving a Ten-Day Notice to Quit signed by James D. Murtha, Esq. of Murtha & Murtha, PLLC, another attorneys representing LP, this office sent a letter to Mr. Murtha advising that the sale occurred after the Debtor's bankruptcy filing and therefore it was null and void. (See Exhibit "H").

21.    By letter dated August 24, 2010, Mr. Murtha ignored the nullity of the foreclosure sale, arguing that Debtor's bankruptcy was dismissed after the sale and that other co-defendants had not filed bankruptcy. (See Exhibit "I").

22.     LP's willful and continued violation of the automatic stay necessitates the filing of this motion.

### REOPENING OF THE CASE IS PROPER
### PURSUANT TO 11 U.S.C. 350(b)

23.     11 U.S.C. 350 (b) provides that *"[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause"*.

24.     Reopening of a case to accord relief to the Debtor for LP's violation of the automatic stay is proper.

25.     In <u>In re Theokary</u>, 2008 Bankr. LEXIS 3402 (Bankr. E.D. Pa. Dec. 17, 2008), a matter where the court reopened a bankruptcy case to grant the debtor relief for violation of the automatic stay in connection with actions taken after the bankruptcy, the court held that *"[w]hile the state courts have concurrent jurisdiction to determine the applicability of the automatic stay... a cause of action seeking redress for violation of or seeking enforcement of the automatic stay is generally held to be within the exclusive jurisdiction of the Bankruptcy Court"*. <u>Id</u>. (internal citations omitted).

26.     Similarly, <u>Richard v. Chicago</u>, 80 B.R. 451 (N.D. Ill. 1987) the court held that it had jurisdiction to reopen a case and void a sale conducted in violation of the stay after the case was dismissed.  In so doing, the Court wrote:

> The Bankruptcy Court has broad power to *"issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the bankruptcy] title"*. 11 U.S.C. § 105(a). See 2 Collier on Bankruptcy, para. 362.02 at 362.27-362.28. Even if Walter Richard's dismissal somehow closed his joint case, the Bankruptcy Code specifically provides that bankruptcy courts have the power to reopen a case to *"accord relief to the debtor or for other cause"*. 11 U.S.C. § 350(b).

<u>Richard v. Chicago</u>, 80 B.R. at 454

27.    In this case, reopening of the case is necessary to accord relief to the Debtor for LP's violation of the stay and, thus, it is warranted under 11 U.S.C. 350(b).

### THE CONTINUATION OF AN ACTION AGAINST THE DEBTOR, WAS IN VIOLATION OF THE AUTOMATIC STAY, AND THUS NULL AND VOID

28.    11 U.S.C. 362(a) provides that the bankruptcy filing operates as a stay of, *inter alia, "(1) the... continuation... of a judicial... other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title"*.

29.    Here, there is no question that Debtor was a defendant in the State Court Action. As noted above, the Complaint filed in the State Court Action requested, among other things, that **all defendants** *"be barred and forever foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the Mortgaged Property... and in and to any fixtures and articles of personalty therein or thereon or used in connection therewith"*.  In addition, it demanded *"judgment against CBC, Web Station, CBC Media **and Ebadi** for any deficiency which may then remain after application of all proceeds of sale to the payment of the Total Debt"* (emphasis added).

30.    Moreover, there is no question that LP's foreclosure sale in the State Court Action took place **after** the Debtor's bankruptcy filing and **after** knowledge of the Debtor's bankruptcy filing.  While the foreclosure sale was scheduled for 11:00 a.m. on May 14, 2010, Debtor's petition was filed that same day at 9:25 a.m. (see Exhibit "D").

31.    It should also be noted that the foreclosure sale was one further step to secure the deficiency sought against Debtor in the Complaint.

32.    Thus, the referred foreclosure sale constituted a clear violation of the stay and is therefore null and void.  See In re Braught, 307 B.R. 399, 401 (Bankr. S.D.N.Y. 2004) (*"actions taken in violation of the automatic stay are void, and not voidable"*); In re Keuler, 389 B.R. 406, 408 (Bankr. M.D. Pa. 2008) (*"[V]iolations of the automatic stay are void, not voidable"*).

33.    While LP's attorney argues that Debtor's bankruptcy was dismissed after the sale, such argument is wholly without merit.

34.    *"Violations of the automatic stay are not validated by the dismissal of the bankruptcy"*.  In re Keuler, 389 B.R. at 408.  It has been noted that *"[n]othing in [Section 349, addressing dismissal of bankruptcy cases] provides that the dismissal validates judgments obtained in violation of the automatic stay. Had Congress intended for the dismissal of the case to have such an effect, it could have included such a provision within this section"*.  In re Weatherford, 413 B.R. 273, 286 (Bankr. D.S.C. 2009).

## DEBTOR IS ENTITLED TO ACTUAL AND PUNITIVE DAMAGES, AND ATTORNEYS FEES RESULTING FROM LP'S WILLFUL VIOLATION OF THE STAY

35.    11 U.S.C. § 362(k) (formerly 11 U.S.C. 362(h)) provides for the recovery of actual damages, including costs and attorney's fees, as well as punitive damages when appropriate, for willful violations of the automatic stay.

36.    In order to recover under 11 U.S.C. 362(k), the following elements are required: (1) that a bankruptcy petition was filed; (2) that the debtor was an "individual" under the automatic stay provision; (3) that a creditor received notice of the debtor's bankruptcy petition; (4) that the creditor's actions were in willful violation of the stay; and (5) that the debtor suffered damages. In re Weatherford, 413 B.R. at 282.

37.    Here, all those elements are present. Debtor is an individual who filed his bankruptcy petition on May 14, 2010 prior to the foreclosure sale. LP received notice of the Debtor's bankruptcy petition prior to the foreclosure sale. Notwithstanding LP's knowledge of the Debtor's bankruptcy filing, LP proceeded with the State Court Action, and willfully violated the automatic stay. In re Galmore, 390 B.R. 901, 907 (Bankr. N.D. Ind. 2008) ("*Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay, and a violation is willful when a creditor acts intentionally with knowledge of the bankruptcy... A 'willful violation' does not, however, require specific intent to violate the automatic stay*") (internal citations omitted). As a result of LP's actions, Debtor suffered damages resulting from the loss of the premises.

38.    Since LP's stay violation was willful, Debtor is entitled to actual and punitive damages, including attorney's fees, to be determined after hearing.

WHEREFORE, applicant prays that an order be entered granting the relief requested and any other and further relief as the court may deem just and proper.

Dated: Garden City, New York
       September 8, 2010

                                        LESTER & ASSOCIATES, P.C.

                                          s/ Roy J. Lester
                                        _____
                                        By:  Roy J. Lester, Esq.
                                        600 Old Country Road, Suite 229
                                        Garden City, New York 11530
                                        (516) 357-9191

UNITED STATES BANKRUPTCY COURT        Firm # 20-8104897
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X      CHAPTER 13
In Re:                                   CASE NO. 10–73702–ast


      MADJID EBADI

           Debtor,
-------------------------------------------------------X      **AFFIDAVIT**
STATE OF NEW YORK }
COUNTY OF NASSAU }


REGINA MONGELLI, being duly sworn, deposes and says:

1.      I am employed at Lester & Associates, P.C., attorneys for the Debtor in this case and I have personal knowledge of the facts set forth herein.

2.      This Affidavit is submitted in support of the Debtor's motion to reopen this case, vacate a foreclosure and award damages to the Debtor for violation of the automatic stay.

3.      On May 14, 2010 at 9:25 a.m., I electronically filed the Debtor's petition under Chapter 13 of the Bankruptcy Code.

4.      Immediately upon filing the petition, at approximately 9:30 a.m. I sent a fax to Morrit, Hock Hamroff & Horowitz LLP, attorneys for LP (facsimile number 516-873-2010), at, attaching proof of filing of Debtor's petition and asking them to "stop the foreclosure sale scheduled for TODAY at 11:00 a.m." (See Exhibit "E"). Upon sending the fax, I confirmed receipt of same with an individual under the name of Toni at 516-873-2010. After I indicated that a sale was scheduled for 11:00 a.m. that day, Toni told he would forward it to an attorney.

5.      In addition, at approximately 9:35 a.m., I contacted the office of Referee Robert Cava, Esq., at 631-669-8849 and advised an individual under the name of Doris of the Debtor's bankruptcy filing staying the sale scheduled for that day. When Doris said that she assumed that

the attorneys for Plaintiff would send the Referee notice of same also, I offered to send her proof of the bankruptcy filing by fax. She provided me a fax number (631-669-8577) to send my fax and said no cover sheet was necessary. Upon hanging up with her, I faxed proof of the bankruptcy to the fax number provided.

Dated: Garden City, New York
        September 8, 2010

                                            S/ Regina Mongelli.
                                            REGINA MONGELLI

Sworn to before me this
8th day of September, 2010

S/ Roy J. Lester
NOTARY

            ROY J. LESTER
    Notary Public, State Of New York
            No.30-4841129
        Qualified In Nassau County
    Commission Expires September 30, 20 13

11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:

Firm # 20-8104897

CHAPTER 13
CASE NO. 10–73702–ast

      MADJID EBADI

           Debtor,
----------------------------------------------------------X
STATE OF NEW YORK }
COUNTY OF NASSAU }

**AFFIDAVIT**

MADJID EBADI, being duly sworn, deposes and says:

1.      I am the Debtor in this case and I have personal knowledge of the facts set forth herein.

2.      This Affidavit is submitted in support of my motion to reopen this case, vacate a foreclosure and for an award damages for violation of the automatic stay.

3.      My Chapter 13 bankruptcy was filed on May 14, 2010 at 9:25 a.m.

4.      At that time, I was a defendant in a foreclosure action commenced by Lings Properties, LLC ("LP") in Supreme Court, Suffolk County on March 4, 2008 under Index No. 4830/08 entitled <u>Lings Properties, LLC v. CBC Media Realty, LLC, Concepts by Clinton, Inc., The Web Station, Inc., Madjid Ebadi, et. al</u>. (the "State Court Action").

5.      While CBC Media Realty ("CBC") owned the subject premises located at 140 Hoffman Lane, Islandia, New York, I owned CBC and I was named defendant and sued as guarantor on the mortgage debt that was the subject of the State Court Action.

6.      On or about March 29, 2010, a Judgment of Foreclosure and Sale was entered in the State Court Action. Thereafter, a Notice of Sale was signed, advising of the public auction of the premises for May 14, 2010 at <u>11:00 a.m.</u>

8       My attorneys advise that upon filing the petition, and prior to the scheduled sale, their office communicated the bankruptcy filing to LP's attorneys and the appointed referee.

9       My attorneys further advise that even though LP's attorneys and the referee were on notice of my bankruptcy filing, LP proceeded with the State Court Action and with the foreclosure sale at 11:00 a.m. on May 14, 2010, in clear violation of the automatic stay.

10.     As discussed with my attorneys, subsequent efforts to undo the irregular foreclosure sale were to no avail. LP's attorneys refused to vacate the irregular sale, which necessitates the filing of this motion.

11.     My attorneys advise that the sale is null and void.

12.     I am significantly harmed by LP's violation of the stay, which not only represented an unlawful dispossession of property but also purported to pave the way to secure a deficiency judgment against me.

WHEREFORE, I respectfully request that my motion be granted in its entirety.

Dated: _Massapequa_, New York
       September _8_, 2010

                                        _____
                                        MADJID EBADI

Sworn to before me this
_8th_ day of September, 2010

_____
NOTARY

BRIAN LUCAS LETELIER
Notary Public, State of New York
No.01LE6216679
Qualified in Nassau County
COMMISSION EXPIRES 01/25/2014

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Firm # 20-8104897

--------------------------------------------------------X

CHAPTER 13
CASE NO. 10−73702−ast

In Re:


MADJID EBADI

        Debtor,

--------------------------------------------------------X

## ORDER REOPENING CASE,
## DECLARARING ACTS NULL AND VOID
## AND AWARDING DAMAGES

A MOTION having been made by Madjid Ebadi, by his attorneys, Lester & Associates

P.C., for an order: (a) reopening this bankruptcy case to accord relief to the Debtor pursuant to

11 U.S.C. 350(a); (b) vacating the foreclosure sale of real property held in the action entitled

Lings Properties, LLC v. CBC Media Realty, LLC, Concepts by Clinton, Inc., The Web Station,

Inc. Madjid Ebadi, et. al., Supreme Court, Suffolk County, Index No. 4830/08 (the "State Court

Action") in violation of the automatic pursuant to 11 U.S.C. 362(a); and (c) awarding actual and

punitive damages against Lings Properties, LLC ("LP") pursuant to 11 U.S.C. 362(k)(1), and

good cause having been shown therefore, and

NOW, upon review of the motion papers and no objections being filed and upon a finding

that just cause exists to reopen this Chapter 13 and accord the relief requested by the Debtor, it is

ORDERED that the Debtor's motion is granted in its entirety; and it is further

ORDERED, that the above-entitled case be and it hereby is reopened to accord relief to

the Debtor pursuant to 11 U.S.C. 350(a), and it is further

ORDERED, that any action of LP or any other person or entity, continuing with the State

Court Action after the Debtor's bankruptcy filing on May 14, 2010, including but not limited to

14

the foreclosure sale of the property located at 140 Hoffman Lane, Islandia, New York, is null and void and is hereby declared as such pursuant to 11 U.S.C. 362(a); and it is further

ORDERED, that the Debtor is awarded actual against Respondent Lings Properties, LLC in the amount of $_____, punitive damages in the amount of $_____, and attorney's fees in the amount of $_____, pursuant to 11 U.S.C. 362(k)(1).

Dated: Central Islip, New York
_____, 2010

HONORABLE ALAN S. TRUST
U.S. BANKRUPTCY JUDGE

15

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Firm # 20-8104897

------------------------------------------------------------X

In Re:

Case No. 8-10-73702-AST

    MADJID EBADI,

Chapter 13

               Debtor.

------------------------------------------------------------X

AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
          ) SS.:
COUNTY OF NASSAU )

      I, REGINA MONGELLI, being duly sworn, depose and say:

      1. That I am not a party to the action, and I am over eighteen years of age and reside in Mineola, New York.

      2. That on the 8th day of September, 2010, I served a copy of a NOTICE OF MOTION TO REOPEN CASE by depositing a true copy thereof in an official depository of the United States Postal Service contained in a securely closed post-paid envelope directed to the following person by First Class Mail at the address designated below which is the last known address of the addressee and enclosed in an envelope containing name and return address of the party effecting service to:

Marianne DeRosa, Trustee
100 Jericho Quadrangle
Suite 208
Jericho, NY  11753

Office of the US Trustee
LI Federal Courthouse
560 Federal Plaza, Room 563
Central Islip, NY  11722-4456

Lings Properties LLC
c/o Moritt Hock Hamroff
400 Garden City Plaza
Garden City NY 11530-0000

Ling Properties LLC
c/o Murtha & Murtha PLLC
26 Railroad Avenue #351
Babylon, NY 11702

                              s/ Regina Mongelli
                        _____
                        REGINA MONGELLI

Sworn to before me this
8th day of September, 2010

      s/ Roy J. Lester
_____

Notary Public

ROY J. LESTER
Notary Public, State Of New York
No.30-4841129
Qualified In Nassau County
Commission Expires September 30, 2013