EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
BANK OF AMERICA, N.A., successor by merger to
FLEET NATIONAL BANK,

                     Plaintiff,

            -against-

CBC MEDIA REALTY, LLC., CONCEPTS BY CLINTON,
INC. D/B/A CBC MEDIA, THE WEB STATION, INC.,
MADJID EBADI, U.S. SMALL BUSINESS
ADMINISTRATION, LONG ISLAND DEVELOPMENT
CORP., NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, TRADEWINDS
ENVIRONMENTAL RESTORATION, INC.,
And JOHN DOE NOS. 1-10 being fictitious and unkown
to plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any, having
or claiming an interest in or lien upon the premises described
in the complaint,

                     Defendants.

------------------------------------------------------------X

Index No. 4830/08
Date Filed: 3/4/08

Plaintiff designates
Suffolk County
as the place of trial

## SUMMONS

The basis of the venue
is location of the real property
subject to the lien of the mortgage.

Plaintiff resides at 111 Westminster Street, Providence, RI 02903
County of Providence

***You are hereby summoned*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
         February 29, 2008

                                  MORITT HOCK HAMROFF & HOROWITZ LLP

                                  By: _____
                                      BRANDI P. KLINEBERG, ESQ.
                                  Attorneys for Plaintiff
                                  400 Garden City Plaza
                                  Garden City, New York 11530

**Defendants' Addresses**:

CBC Media Realty, LLC
140 Hoffman Lane
Hauppauge, New York 11788

Concepts By Clinton, Inc. d/b/a CBC Media
140 Hoffman Lane
Hauppauge, New York 11788

The Web Station, Inc.
140 Hoffman Lane
Hauppauge, New York 11788

Madjid Ebadi
50 Florence Avenue
Massapequa, New York 11758

U.S. Small Business Administration
35 Pinelawn Road
Melville, New York 11747

Long Island Development Corp.
255 Executive Drive – Suite 400
Plainview, New York 11803

New York State Department of Taxation and Finance
WA Harriman Campus
Albany, New York 12207

Tradewinds Environmental Restoration, Inc.
100 Sweeneydale Avenue
Bayshore, New York 11706

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
BANK OF AMERICA, N.A., successor by merger to
FLEET NATIONAL BANK

                Plaintiff,

            - against -

CBC MEDIA REALTY, LLC,
CONCEPTS BY CLINTON, INC. d/b/a CBC MEDIA,
THE WEB STATION, INC., MADJID EBADI,
U.S. SMALL BUSINESS ADMINISTRATION,
LONG ISLAND DEVELOPMENT CORP., NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
TRADEWINDS ENVIRONMENTAL RESTORATION, INC.,
and JOHN DOE NOS. 1-10 being fictitious and unknown to
plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the premises
described in the complaint

                Defendants.
------------------------------------------------------------------X

Index No.

Date Purchased:

**VERIFIED**
**COMPLAINT**

        Plaintiff Bank of America, N.A., successor by merger to Fleet National Bank ("Plaintiff" or the "Bank") by its attorneys, Moritt Hock Hamroff & Horowitz LLP, complaining of the Defendants herein, respectfully alleges as follows:

### NATURE OF ACTION

    1.    This is an action brought pursuant to RPAPL §1301 et seq to foreclose a certain Mortgage and Security Agreement (as defined below), which is a lien on the Mortgaged Premises, and to foreclose the right, title and interest of and equity of redemption in the Mortgaged Premises of all persons named herein as defendants, as well as of all persons claiming a right, title or interest or equity of redemption in the Mortgaged Premises recorded subsequent to the Notice of Pendency filed herewith and to recover any deficiency due following sale of the

Mortgaged Premises.

## THE PREMISES

2. Mortgagor (as defined below) is presently the owner of certain real property located in the County of Suffolk, State of New York, as more specifically described in Exhibit A and identified as Section 7.00 Block 2.00 Lot 3.00, on the Tax Map of the County of Suffolk, New York and known as 140 Hoffman Lane, Hauppauge, New York 11788 (the "Mortgaged Premises").

## THE PARTIES

3. At all times hereinafter mentioned, Plaintiff was and still is a nationally chartered bank with corporate offices in Providence, Rhode Island, duly authorized to transact business within the State of New York. Plaintiff is the holder of the Note, Mortgage and Guaranties (as hereinafter defined) at issue.

4. Upon information and belief, defendant, CBC Media Realty, LLC ("CBC" or "Borrower" or "Mortgagor") is a domestic limited liability company organized and existing pursuant to the laws of the State of New York.

5. Upon information and belief, defendant, Concepts By Clinton, Inc. d/b/a CBC Media ("CBC Media") is a domestic corporation organized and existing pursuant to the laws of the State of New York.

6. Upon information and belief, defendant, The Web Station, Inc. ("Web Station") is a domestic corporation organized and existing pursuant to the laws of the State of New York.

7. Upon information and belief, defendant, Madjib Ebadi ("Ebadi") is an individual residing in the State of New York.

8. Upon information and belief, defendant U.S. Small Business Administration ("SBA") is a governmental agency of the United States of America which maintains an office in the County of Suffolk within the State of New York. SBA is joined as a defendant herein to bar it from any right, title and interest it may have in the Mortgaged Property by virtue of a subordinate mortgage dated July 15, 2002 (the "Subordinate Mortgage"), assigned to SBA by the Long Island Development Corporation, and duly recorded on August 28, 2002 in the Office of the Clerk of the County of Suffolk in Liber 20173, Page 465.

9. Upon information and belief, the Long Island Development Corp. ("LIDC") is a governmental and public benefit agency of Long Island, having its principal place of business in New York. LIDC is joined as a defendant herein, for the sole purpose of barring it from any right, title and interest it has in the Mortgaged Property by virtue of its interest therein.

10. The New York State Department of Taxation and Finance is named as a party defendant herein due to possible unpaid franchise taxes of CBC.

11. Tradewinds Environmental Restoration, Inc. is named as a party defendant due to its filing of a lis pendens on May 19, 2006 and pending action to foreclose a mechanics lien.

12. Upon information and belief, defendants John Doe Nos. 1-10 are fictitious names of persons or entities whose names are unknown to plaintiff, but who may be tenants or occupants of the Mortgaged Premises (as defined below) or who may claim a right, title or interest in said Mortgaged Premises intended to be foreclosed hereby.

### THE NOTE

13. On or about September 26, 2001, in consideration of a loan made by Plaintiff to it, CBC executed a certain note in which CBC promised to pay the sum of SIX HUNDRED FORTY-FOUR THOUSAND FIVE HUNDRED DOLLARS ($644,500.00) to Plaintiff (the

"Note"). A true copy of the Note is annexed hereto as Exhibit B.

14. The Note provides, in pertinent part, that CBC promises to pay to Plaintiff Bank or its order the principal sum of SIX HUNDRED FORTY-FOUR THOUSAND FIVE HUNDRED DOLLARS ($644,500.00), together with interest at a fluctuating rate equal to 200 basis points per annum above the Libor rate as defined in the Note. Principal shall be paid in One Hundred Twenty (120) consecutive monthly installments pursuant to a tene (10) year amortization schedule over a term of one hundred twenty (120) months, at the end of which term all unpaid principal and accrued interest and all other amounts due under the Note are due and payable on September 26, 2011.

15. The Note further provides that a late charge of five percent (5.0%) shall be imposed on any installment of principal and interest which is not paid within 10 days of its due date.

16. The Note further provides that upon default, a default interest rate of five percent (5.0%) above the then applicable interest rate, shall be charged on all unpaid principal and interest and other sums due under the Note.

17. The Note further provides, in pertinent part, that upon CBC's default, Plaintiff may, without notice or demand, require immediate payment of all amounts due under the Note.

18. The Note further provides that the Note may be prepaid and that if the prepayment is made, CBC shall pay such amounts as shall be sufficient to compensate Lender for any loss, cost or expense incurred as a result. The Note further provides that in the event of default and acceleration of all principal interest and other charges due under the Note, the prepayment charge shall be due and payable.

## THE MORTGAGE AND SECURITY AGREEMENT

19. On September 26, 2001, CBC executed, duly acknowledged and delivered to Plaintiff a Mortgage and Security Agreement ("Mortgage") for the purpose of securing payment of the Note in the principal sum of $644,500.00. Said, Mortgage was duly recorded in the Office of the Clerk, County of Suffolk, in Liber 19951, Page 294 on October 10, 2001 as a lien against the Mortgaged Premises and the mortgage tax and recording fee were duly paid. A true copy of the Mortgage is annexed hereto as Exhibit C.

20. The Mortgage further provides that the Mortgagor covenants to pay the indebtedness evidenced by the Note at the times and in the manner therein provided.

21. The Mortgage further requires CBC to pay all real and personal property taxes then or thereafter imposed on the Mortgaged Premises and that if CBC does not timely pay same, Plaintiff may pay same, which amounts shall be added to CBC's indebtedness to Plaintiff.

22. The Mortgage further provides that in the event of a default, Plaintiff may, without notice, declare the entire unpaid principal, accrued interest and other amounts due under the Mortgage immediately due and payable, commence an action to foreclose the Mortgage and if it so elects, enter upon and operate the Mortgaged Premises and qualify for the appointment of a receiver of the Mortgaged Premises.

23. The Mortgage further provides that Plaintiff has the right to cure any default by CBC under the Mortgage and to add the cost thereof, including its reasonable attorneys fees, to the indebtedness due.

## THE ASSIGNMENT OF LEASES AND RENTS

24. On September 26, 2001, CBC, as Assignor, executed in favor of Plaintiff, as Assignee, an Assignment of Leases and Rents for the purpose of further securing all amounts due

Plaintiff under the Note and Mortgage (the "Assignment"). The Assignment was duly recorded in the Office of the Clerk of Suffolk County, Liber 12146, Page 180 on October 10, 2001. A true copy of the Assignment is annexed hereto as Exhibit D.

25.   The Assignment assigns to Plaintiff all of the rents, revenue, income and profits derived from the Mortgaged Premises.

26.   The Assignment further provides that upon default by CBC under the Note and Mortgage, Plaintiff may give notice to the tenants of the Mortgaged Premises to pay all rents due to Plaintiff.

27.   The Assignment further provides that Plaintiff may also apply for the appointment of a receiver of the Mortgaged Premises to collect such rents and income.

## THE SWAP AGREEMENT

28.   On or about September 24, 2001, Plaintiff and CBC entered into a certain SWAP Agreement (the "SWAP Agreement"), a copy of which is annexed hereto as Exhibit E and is incorporated herein by reference.

29.   Under the terms of the SWAP Agreement, CBC agreed to make certain payments to Plaintiff on the Note based upon certain defined rates of interest for Plaintiff and CBC as more fully set forth therein.

30.   In the event of default of payment under the SWAP Agreement, the SWAP Agreement may be terminated, and the defaulting party liable for, inter alia, all amounts due and owing, together with the costs of collection.

31.   Thereafter, CBC defaulted under the terms of the SWAP Agreement by virtue of its failure to make certain payments due and owing thereunder.

32. The Note, Mortgage and Security Agreement, SWAP Agreement and Guaranties (hereafter defined) are sometimes collectively referred to herein as the "Loan Documents"

### THE GUARANTIES

33. As and for security for the Loan Documents and the obligations due thereunder, on September 26, 2001, defendant, Madjib Ebadi executed and delivered to Plaintiff a Guaranty (the "Ebadi Guaranty") wherein and whereby Ebadi unconditionally guaranteed the payment to Plaintiff of all amounts owing under the Loan Documents. A copy of the Ebadi Guaranty is annexed hereto as Exhibit F and the terms thereof are incorporated herein by reference.

34. As and for security for the Loan Documents and the obligations due thereunder, on September 26, 2001, defendant, The Web Station, Inc. executed and delivered to Plaintiff a Guaranty (the "Web Station Guaranty") wherein and whereby Web Station unconditionally guaranteed the payment to Plaintiff of all amounts owing under the Loan Documents. A copy of the Web Station Guaranty is annexed hereto as Exhibit G and the terms thereof are incorporated herein by reference.

35. As and for security for the Loan Documents and the obligations due thereunder, on September 26, 2001, defendant, Concepts By Clinton, Inc. d/b/a CBC Media executed and delivered to Plaintiff a Guaranty (the "CBC Media Guaranty") wherein and whereby CBC Media unconditionally guaranteed the payment to Plaintiff of all amounts owing under the Loan Documents. A copy of the CBC Media Guaranty is annexed hereto as Exhibit H and the terms thereof are incorporated herein by reference. (The Ebadi Guaranty, Web Station Guaranty and CBC Media Guaranty shall be collectively herein referred to as the "Guaranties").

### THE DEFAULT

36. CBC has failed to comply with its respective obligations under the Loan

Documents in that CBC has failed and omitted (i) to pay the monthly payments of principal and interest due thereunder starting with the payments due on August 27, 2007 and in each and every month thereafter in accordance with the stated terms of the Note and (ii) to pay the taxes on the Mortgaged Premises as they become due.

37. In accordance with its right as holder of the Note and the Mortgage, Plaintiff has elected and does hereby elect to declare the entire amount outstanding under the Note and Mortgage immediately due and payable.

38. The Note further provides that upon default, a default interest of five percent (5%) per annum above the interest rate then in effect shall apply ("Default Interest").

39. Therefore, the Default Interest rate is 11.865%.

40. The Note further provides that upon default. a late payment premium equal to five percent (5%) shall apply ("Late Fee").

41. On January 3, 2008, as a result of CBC's default, Plaintiff demanded payment in full of all amounts due under the Note, which as of January 3, 2008, amounted to unpaid principal of $549,845.54, and accrued interest of $17,473.78 for a total of $567,319.32 (the Default Amount"). A true copy of Plaintiff's demand letter is annexed hereto as Exhibit I. Said Default Amount continues to accrue interest at $104.84 per diem.

42. Despite said demand, CBC has not paid the amount due under the Loan Documents and has not otherwise cured its default.

43. Accordingly, as of January 3, 2008, there is now justly due and owing to Plaintiff the amount of $567,319.32, with interest at $104.84 per diem.

44. Plaintiff seeks to foreclose its Mortgage and to recover the outstanding principal, interest, taxes, insurance and late fees under the Note and Mortgage in the amount of

$567,319.32 as of January 3, 2008, together with default interest on said amount accruing from January 3, 2008, through the date of payment at the Default Interest rate of 11.865% per annum, plus Late Fees, all other costs and expense due under the Note and Mortgage in addition to any usual costs and allowances which Plaintiff may be entitled to and awarded under any law or statute applicable to this action.

45. Plaintiff has complied with all the terms and provisions of the Note and the Mortgage.

46. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payment after the commencement of this action, or any or all of the defaults mentioned herein, and such election shall continue and remain effective.

47. In accordance with the terms of the Note and Mortgage and without waiving CBC's default, Plaintiff shall credit CBC with any part payments it has made or will make following default.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS

48. Plaintiff repeats and realleges its allegations contained in paragraphs "1" through "45" above as if set forth fully herein.

49. Upon information and belief, each of the above named defendants have or claim to have or may claim to have some interest in or lien upon the Mortgaged Premises or some part thereof, which interest or lien, if any, is subject and subordinate to Plaintiff's Mortgage being foreclosed herein encumbering the Mortgaged Premises.

50. Upon information and belief, none of the defendants herein is an absentee, infant, incompetent or in the military service of the United States.

51. No other action or proceeding has been commenced for the recovery of the debt

owed to Plaintiff secured by the Mortgaged Property, or any part thereof.

52.  By this action, Plaintiff seeks to foreclose and bar forever all liens and equity of redemption of all defendants and upon sale of the Mortgaged Premises to obtain a judgment for any deficiency in the full amount remaining due against defendant Prospect.

53.  Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

54.  Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "51" above as set forth fully herein.

55.  Upon information and belief, following its default, CBC has and will continue to collect rent and income from the Mortgaged Premises.

56.  Plaintiff is entitled, if it so elects, under the Mortgage and Assignment to have a receiver appointed to manage and operate the Mortgaged Premises and to collect all rent and income for the benefit of Plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

57.  Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "54" above as if set forth fully herein.

58.  To the extent defendant CBC has collected or will collect the rents, income and profits derived from the Mortgaged Premises, such rents, income and profits belong to Plaintiff and CBC will be unjustly enriched thereby.

59.  Plaintiff is entitled to the imposition of a constructive trust on all rents, profits and income collected by CBC following the default under the Mortgage Note and Mortgage.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

60. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "57" above as if set forth fully herein.

61. Ebadi is made a party hereto to, inter alia, have and make him bound by the proceedings herein and to permit the assessment of any deficiency further in the amount not recovered by Plaintiff herein by sale of the Mortgaged Premises.

62. Web Station is made a party hereto to, inter alia, have and make him bound by the proceedings herein and to permit the assessment of any deficiency further in the amount not recovered by Plaintiff herein by sale of the Mortgaged Premises.

63. Concepts By Clinton, Inc. d/b/a CBC Media is made a party hereto to, inter alia, have and make him bound by the proceedings herein and to permit the assessment of any deficiency further in the amount not recovered by Plaintiff herein by sale of the Mortgaged Premises.

64. By reason of the foregoing, Plaintiff demands judgment against CBC and the Guarantors for any deficiency that may exist after application of all proceeds of sale of the Premises

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

65. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "62" above as if set forth fully herein.

66. The Loan Documents proved that, upon a default by CBC under the Note, CBC shall pay to Plaintiff, inter alia, all costs and expenses incurred by Plaintiff, including, but not

limited to, reasonable attorneys' fees and expenses if the Note is placed in the hands of an attorney for collection.

67. By reason of the foregoing, Plaintiff demands judgment against CBC and the Guarantors for all costs and expenses, including, but not limited to reasonable attorneys fees as may be awarded by the court.

WHEREFORE, Plaintiff Bank of America, N.A., successor by merger to Fleet National Bank respectfully prays that this Court enter judgment against the defendants and in favor of Plaintiff, adjudging and decreeing, as follows:

A. That defendant CBC is indebted to Plaintiff and Plaintiff is awarded judgment against CBC for the following unpaid principal amount of the Note which as of January 3, 2008 was $549,845.54 plus accrued interest in the sum of $17,473.78 plus interest at the per diem rate of $104.85 until the Note is paid in full, plus the sums due under the Swap Agreement plus interest thereon, plus Late Fees and any and all additional fees and expenses as provided under the terms of the Note and Mortgage;

B. That each of the defendants named herein, and any and all of them, and all persons claiming by, through or under all or any of them and every person or entity whose estate, right, title, conveyance or encumbrance is recorded subsequent to the filing of the notice of pendency of this action in the office of the Clerk of the County of Suffolk be barred and forever foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the Mortgaged Property, 140 Hoffman Lane, Hauppauge, New York, and in and to any fixtures and articles of personalty therein or thereon or used in connection therewith;

C. That the Mortgaged Property be decreed to be sold in one or more parcels, as determined according to law, along with the fixtures and articles of personalty thereon, together

with the Collateral, and that the monies arising from such sale be brought into Court; the amount due Plaintiff under the Note, Mortgage and SWAP Agreement and secured by the Mortgaged Property and the Collateral be adjudged, and from the proceeds of the sale of the Mortgaged Property and Collateral, Plaintiff be paid the amount so adjudged due Plaintiff, for all sums due under the Note, Mortgage and SWAP Agreement, including principal and accrued interest, together with the expenses of the sale, the costs, allowances and disbursements of this action, Plaintiff's reasonable attorneys' fees, taxes, assessments, water and sewer charges, premiums for insurance, and all other charges due and owing Plaintiff with interest thereon as provided in the Note and Mortgage to the date of judgment and thereafter at the statutory rate to the date of the payment (the "Total Debt"), insofar as the amounts of such monies properly applicable thereto will pay the same;

D.  That, if Plaintiff so elects, the Court appoint a Receiver for the Mortgaged Premises with the power to manage the Mortgaged Premises and to collect the rents and income therefrom for the benefit of Plaintiff;

E.  The referee (or other officer) making such sale be directed to pay from the proceeds thereof all taxes, assessments and water rates which are liens on the property sold;

F.  The Mortgaged Property and the Collateral be decreed to be sold, according to law, in "as is" physical order and condition subject to the following: (a) any state of facts that an inspection of the Mortgaged Property and the Collateral and the Mortgaged Property and the Collateral would disclose; (b) any state of facts that an accurate survey and/or appraisal of the Mortgaged Property and/or the Collateral would show; (c) covenants, restrictions, easements, reservations and public utility agreements of record, if any, on the Mortgaged Property; (d) building and zoning ordinances of the municipality in which the Mortgaged Property is located

and possible violations of same; (e) any equity of redemption of the United States of America to redeem the Mortgaged Property within 120 days from date of sale; and (f) prior lien(s) of record, if any, including, without limitation, any liens for unpaid taxes, assessments and water rates with interest and penalties accrued; and

G.  That Plaintiff be awarded judgment against defendants CBC, Web Station, CBC Media and Ebadi for any deficiency which may then remain after application of all proceeds of sale to the payment of the Total Debt.

H.  The Plaintiff be awarded costs, expenses and reasonable attorneys fees in connection with this action; and

I.  That the Court award Plaintiff such other and further relief as it deems just, proper and equitable under the circumstances herein.

Dated: Garden City, New York
       February 29, 2008

MORITT HOCK HAMROFF & HOROWITZ, LLP

By: _____
    Brandi P. Klineberg
    Attorneys for Plaintiff
    Plaintiff Bank
    400 Garden City Plaza
    Garden City, New York 11530
    (516) 873-2000

## VERIFICATION

STATE OF RHODE ISLAND  )

) ss.:

COUNTY OF PROVIDENCE  )

Ronald Lohnes, being sworn says:

I am a Vice President of Bank of America, N.A., successor by merger to Fleet National Bank. I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon personal knowledge is based upon books, records, documents and memoranda in my file.

*Ronald F. Lohnes*
RONALD LOHNES

Sworn to before me this
26th day of February, 2008

*Michael J. Rowan*
Notary Public

Michael J. Rowan
My Commission Expires 9/12/2007

15